Case No. 3:15-MJ-2167

# AFFIDAVIT

I, Brandon Glover, being duly sworn, state the following information to be true to the best of my knowledge, information and belief:

1. I have been employed as a police officer with the Knoxville Police Department since April 2005. I am currently assigned to the Organized Crime Unit of the Criminal Investigations Division of the Knoxville Police Department, a unit that is charged with the investigation of violations of both state and federal laws concerning controlled substances and other criminal activities. I am also a full-time Task Force Officer with the Federal Bureau of Investigation's High Intensity Drug Trafficking Area Task Force, which is charged with investigating large-scale drug trafficking organizations. In the performance of my duties both as a uniformed law enforcement officer and a narcotics investigator, I have conducted and participated in numerous investigations involving narcotics, money laundering, prescription drug forgery and fraud, and other general investigations of state and federal laws. I have been involved in the detection and investigation of state and federal narcotics violations, including the sale, distribution, importation, possession and conspiracy to possess or sell and distribute various narcotics and controlled substances. Additionally, I have been involved in the investigations of numerous other criminal activities including, but not limited to, firearms violations and violent crimes. I have received specialized training in narcotics detection and enforcement in a Basic Criminal Investigations school from the Knoxville Police Department's Training Academy and the Tennessee Bureau of Investigation. I have received specialized training in interviewing and interrogating criminal suspects from the Knoxville Police Department Training Academy and Wicklander-Zulowski and Associates. I have received specialized training in gang investigations

1

and gang-related crimes from the Knoxville Police Department's Training Academy and the Tennessee Gang Investigators Association. Furthermore, I have kept himself abreast of narcotic and gang enforcement efforts, case development, investigative techniques, and other standardized methods of investigation of narcotics and gang related offenses. Based on my prior training and experience, I have become familiar with the methods, operations, and schemes commonly employed by individuals involved in the violating drug statutes. I have participated in investigations in which various and diverse techniques have been utilized, including search warrant executions involving real and personal property, wiretaps, phone analysis, walled-off seizures, confidential source development and utilization, controlled drug buys, physical surveillance, and undercover operations.

3. Except as noted, all of the information contained in this affidavit is either known by me personally or has been told to me by other law enforcement officials.

4. Scott Stockton is a defendant in Case Number 3:15-CR-45. His is one of the 32 "pill mill" cases indicted on March 4, 2015. The indictment alleges that Stockton was a participant in a long-term oxycodone distribution conspiracy that involved money laundering. Because Stockton is awaiting trial, and in an effort to avoid any misperceptions of interference with the presumption of innocence attached to Stockton's case, this affidavit will attempt to keep any descriptions or summaries of substantive proof of the charged offenses to a bare minimum.[1] Instead, this affidavit will rely on the probable cause finding of the grand jury as an important component of probable cause for the relief requested herein. That relief consists of a request to search the electronic/digital memory of a cellular telephone (the Subject Telephone) seized from Stockton's direct possession at the time of his arrest on or about March 11, 2015. The Subject

---

[1] Stockton exercised his right to a detention hearing during which significant aspects of the proof against him were described in detail.

telephone is in the custody of the FBI.

5. The Subject Telephone to be searched is described as a Motorola model XT830C, Mobile Equipment Identifier (MEID) 268435460416538142, and assigned telephone number (865) 203-0003.

6. The Subject Telephone was intercepted with prior court authorization during the covert investigative phase of this case. Those interceptions, including both telephone calls and text messages, directly pertained to the offense conduct charged in the indictment. Thus, the Subject Telephone was utilized for criminal purposes. The interceptions of the Subject Telephone covered a specific period of time as authorized by the Court. The first interception of the Subject Telephone occurred on or about November 12, 2014, and the final interception occurred on or about November 19, 2014. The Subject Telephone was not directly tapped. Rather, it was intercepted over telephones utilized by related defendant Shannon Hill (Case Number 3:15-CR-42), whose phone was directly tapped. Thus, only a portion of Stockton's criminal conduct over the Subject Telephone was detected. Similarly, the Subject Telephone was used for criminal purposes longer than the court-authorized interception period.

7. Included below is a chart that describes some of Stockton's known activity over the Subject Telephone with ten indicted co-conspirators and two pain clinics involved in this case.

### Selected Call Detail Records for 10/31/2014 – 12/31/2014

| Subject/Entity | Phone Number | # of Contacts | Activity Date Range |
|---|---|---|---|
| Knoxville Pain Care (Knoxville) | (865) 769-5388 | 14 | 11/12/2014 - 12/31/2014 |
| | (865) 769-5389 | 4 | 12/18/2014 - 12/31/2014 |
| East Knoxville Health Care Services (Knoxville) | (865) 392-1505 | 3 | 11/11/2014 - 11/13/2014 |
| | (865) 392-1506 | 0 | N/A |
| | (865) 392-1507 | 0 | N/A |
| | (865) 392-1508 | 0 | N/A |
| Shannon Hill | (865) 924-8392 | 200 | 11/11/2014 - 12/26/2014 |
| | | | |
| Melissa Armes | (423) 539-3372 | 846 | 10/31/2014 - 12/31/2014 |

| Name | Phone | Count | Date Range |
|---|---|---|---|
| Kevin Scarbro | (423) 912-2864 | 28 | 11/12/2014 - 12/11/2014 |
| Michael "Bubba" Jones | (865) 256-7444 | 704 | 11/21/2014 - 12/31/2014 |
| James Jenkins | (865) 296-3716 | 99 | 12/5/2014 - 12/31/2014 |
| Lee "Leo" Jenkins, Jr. | (865) 360-0704 | 3 | 11/21/2014 - 12/26/2014 |
| | (865) 360-7629 | 376 | 11/10/2014 - 12/31/2014 |
| Bridget Branam | (423) 912-2088 | 20 | 12/11/2014 - 12/11/2014 |
| Wesley Duncan | (865) 224-1515 | 2 | 11/25/2014 - 11/25/2014 |
| Anthony Vann | (865) 801-2423 | 1 | 12/25/2014 - 12/25/2014 |
| | (865) 456-7532 | 7 | 12/22/2014 - 12/22/2014 |

8. The Subject Telephone was not the phone utilized the most by Stockton in 2014. His other known telephone, number (865) 210-5031, had approximately 9,000 calls and text messages with the people and clinics listed above, plus related defendants Stephanie Puckett, Rachel Moses and Freddie Vann, and Courtney Newman, and unindicted co-conspirator who was a nurse practitioner at EKHCS.

9. Additionally, text messages between the Subject Telephone and Shannon Hill's phone from February and March 2015 were recovered from Shannon Hill's phone. Those text messages related to the conspiracy charged in the indictment. Thus, it is clear that Stockton utilized the Subject Telephone for criminal purposes up to the time of his arrest in March 2015.

10. For the foregoing reasons, there is probable cause to believe that the Subject Telephone presently has stored in its electronic/digital memory evidence of the crimes charged in the indictment. The evidence likely will be in the form of saved or forensically recoverable data, including, but not limited to, text messages, picture messages, pictures/photographs, contact information, call logs, voicemails, emails, and internet navigation history (not to include voicemails, emails, or internet navigation history stored in remote locations). Based on the my training and experience, drug traffickers commonly utilize their cellular telephones to communicate with co-conspirators concerning their shared criminal objectives (voice calls, text

messages, picture messages, and emails), conduct internet research of matters relevant to their criminal activities, and to take photographs of their drugs and money as a means of memorializing their criminal successes and accomplishments. I believe that Stockton used the Subject Telephone for the same or similar purposes, and that evidence of that activity is still save on, or recoverable from, the Subject Telephone.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this __3__ day of September, 2015, at Knoxville, Tennessee.

_____
BRANDON GLOVER
Task Force Officer
Federal Bureau of Investigation


Subscribed and sworn to before me
on this __3__ day of September, 2015.

_____
H. BRUCE GUYTON
UNITED STATES MAGISTRATE JUDGE